BENJAMIN B. WAGNER
United States Attorney
KIMBERLY A. SANCHEZ
Assistant U.S. Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:11-MC-00013-AWI |
| Plaintiff, ) | **CONSENT JUDGMENT OF FORFEITURE** |
| v. ) | |
| BOMB DEBRIS: ONE PIPE NIPPLE, ) | |
| BOMB DEBRIS: ONE STEEL PIPE END, ) | |
| BOMB DEBRIS: ONE WIRE AND PIECE OF YELLOW MATERIAL THAT APPEARS TO BE GLUE OR EPOXY, ) | |
| BOMB DEBRIS: ONE PATCH OF PLIABLE MATERIAL, ) | |
| BOMB DEBRIS: END CAP FRAGMENTS, ) | |
| BOMB DEBRIS: REMNANTS OF AVON ROUND, ) | |
| BOMB DEBRIS: PLASTIC SHEET, ) | |
| BOMB DEBRIS: ONE CARDBOARD TUBE, ) | |
| BOMB DEBRIS: ONE ROUND PIECE OF CARDBOARD, ) | |
| ELECTRIC MATCH AND IGNITER CORD, ) | |
| Defendants. ) | |

CONSENT JUDGMENT OF FORFEITURE

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On February 4, 2010, Keith Vernon Moore, Timothy Cree, and Cameron Patelzick were indicted pursuant to 18 U.S.C. §§ 842(i)(1), 842(h), 922(g)(1), and 26 U.S.C. § 5861(d). The Indictment included a forfeiture allegation pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) and listed the above-captioned property.

2. On or about December 2, 2009, law enforcement officers executed a search warrant at Cameron Patelzick's residence and located an explosive device manufactured from components including cardboard tubing, an electric match, igniter cord, smokeless powder, and remnants of bomb debris including the following: one pipe nipple, one steel pipe end, one wire and piece of yellow material that appears to be glue or epoxy, one patch of pliable material, end cap fragments, remnants of Avon round, plastic sheet, cardboard tube, and one round piece of cardboard (hereafter "defendant explosive materials").

3. On or about September 16, 2010, a plea agreement was entered in *U.S. v. Keith Vernon Moore, et al.*, 1:10-CR-00057-LJO, wherein Keith Vernon Moore pled guilty to a violation of 18 U.S.C. § 842(i)(1) - Felon in Possession of Explosives. Keith Vernon Moore has agreed to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture as set forth in the Indictment. The defendant explosive materials were listed in the forfeiture allegation of the Indictment. Keith Vernon Moore's agreement to forfeit the defendant explosive materials was inadvertently left out of the plea agreement.

4. On or about October 8, 2010, two plea agreements were entered in *U.S. v. Keith Vernon Moore, et al.*, 1:10-CR-00057-LJO, wherein Timothy Cree and Cameron Patelzick pled guilty to a violation of 18 U.S.C. § 842(h) - Possession of Stolen Explosives. Timothy Cree and Cameron Patelzick have agreed to forfeit to the United States voluntarily and immediately all of their right, title, and interest to any and all assets subject to forfeiture as set forth in the Indictment. The defendant explosive materials were listed in the forfeiture allegation of the Indictment. Timothy Cree and Cameron Patelzick's agreement to forfeit the defendant explosive materials was inadvertently left out of the plea agreement.

///

5. Keith Vernon Moore, Timothy Cree, and Cameron Patelzick hereby acknowledge that they are the sole owners of the defendant explosive materials and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant explosive materials, Keith Vernon Moore, Timothy Cree, and Cameron Patelzick shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. All right, title, and interest in the defendant explosive materials seized on or about December 2, 2009, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

3. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and forfeiture of the defendant explosive materials. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

1    4.    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant explosive materials, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

5.    All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described explosive materials.

IT IS SO ORDERED.

**Dated:   May 16, 2011**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE